UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELIANT - WOODS GROVE, L.P.,<br><br>    Plaintiff,<br><br>    v.<br><br>KATLYN-NICOLE OF THE JOHNSON-FAMILY,<br><br>    Defendant. | Case No. 3:20-cv-08087-WHO<br><br>**ORDER TO SHOW CAUSE; GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 1, 2 |

The plaintiff, Reliant - Woods Grove, LP ("Reliant"), instituted an unlawful detainer action in California state court against the defendant, Katlyn Johnson. *See* Notice of Removal ("Notice") [Dkt. No. 1] at 14. Johnson removed the case to this court on November 13, 2020, and moved for leave to proceed in forma pauperis. *See* Dkt. No. 2. The motion to proceed in forma pauperis is GRANTED. It is apparent, however, that I lack subject matter jurisdiction over the suit. Johnson is ORDERED TO SHOW CAUSE why the case should not be remanded to state court for lack of subject matter jurisdiction.

A defendant may generally remove a case from state court to federal court; but, as with all cases, the federal court must have subject matter jurisdiction over it. *See* 28 U.S.C. § 1442(a)–(c). The burden is on the removing defendant to establish the basis for subject matter jurisdiction. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). I have a duty to ascertain whether I have jurisdiction and must remand a case sua sponte if I do not. *See* 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Johnson's notice of removal claims dozens of bases for federal jurisdiction but none seems to have merit. *See* Notice at ECF 2–4. First, I lack diversity jurisdiction under 28 U.S.C. § 1332. From the face of the notice of removal and state-court complaint, it is clear that the parties are

both California residents. *See, e.g.*, *id.* at ECF 1 (plaintiff's address), 18 (defendant's state of incorporation). Separately, I also lack removal jurisdiction based on diversity because Johnson, by all indications, is a California citizen, so she cannot remove a case filed in California court. 28 U.S.C. § 1441(b)(2).

The other potential basis of jurisdiction is federal question jurisdiction under 28 U.S.C. § 1331. I lack federal question jurisdiction because the complaint alleges only a state-law unlawful detainer action. *See* Notice at ECF 12–25. It is well-established that state-law unlawful detainer claims do not "arise under" federal law. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011). Johnson appears to argue that she has counterclaims against Reliant under numerous federal statutes. *See* Notice at ECF 3–5. But an action "'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint." *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985). "[R]emovability cannot be created by defendant pleading a counter-claim presenting a federal question." *Id.* (internal quotation marks omitted). Reliant's complaint does not plead any federal question.[1]

Within 14 days, Johnson is ORDERED TO SHOW CAUSE why this case should not be remanded to state court for lack of subject matter jurisdiction. If Johnson does not respond within that period, I will remand the case.

**IT IS SO ORDERED.**

Dated: November 30, 2020

William H. Orrick
United States District Judge

---

[1] There is also no colorable basis to assert admiralty jurisdiction over a state-law unlawful detainer action. Johnson's other purported jurisdictional bases are causes of action, not statutes that create subject matter jurisdiction. *See* ECF 2–4.

2